UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1925 MASS AVE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE NORTHEAST, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Defendant T-Mobile Northeast, LLC ("T-Mobile" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Cambridge District Court in Middlesex County (the "State Court"), in which court this case was filed, to the United States District Court for the District of Massachusetts. T-Mobile denies the allegations in the District Court pleading and files this notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court. As grounds for the removal of this action, T-Mobile states as follows:

    I.    The Action & Service of Process

Plaintiff 1925 Mass Ave LLC ("1925" or "Plaintiff") commenced this civil action in Cambridge District Court (the "State Court") by filing a Summary Process (Eviction) Summons and Complaint (the "Complaint") bearing Docket No. 2452SU000118 against T-Mobile (the "Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

The Complaint alleges that T-Mobile failed to vacate the Premises (defined as "the roof and common areas at 1923-1925 Massachusetts Avenue" in Cambridge, Massachusetts) after expiration of the lease between the parties.

Plaintiff served T-Mobile with the Complaint on August 30, 2024, and e-filed it in the State Court on or about September 5, 2024.

## II. Statutory Basis for Removal.

A. This Court Has Diversity Jurisdiction under 28 U.S.C. § 1332.

Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The Action satisfies both prongs of Section 1332.

1. The Amount in Controversy Exceeds $75,000.

This Action meets the $75,000.00 amount in controversy requirement based upon Plaintiff's demands in its Complaint. Section 1446(c)(2) explains that when calculating the amount in controversy for purposes of jurisdiction under 28 U.S.C. § 1332 (a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  In calculating the amount in controversy, the Court should consider the total amount of monetary relief that a plaintiff seeks. See Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995). A defendant removing a case to federal court must show a "reasonable probability" that the amount in controversy satisfies the jurisdictional minimum. See Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009); Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 233 (D. Mass. 2010).

Here, Plaintiff claims that T-Mobile's failure to vacate the premises after expiration of the lease caused it to suffer damages in the amount of $102,480.00, plus interest and costs,

"reserving the right to other damages." Complaint at 1. Thus, the amount in controversy is met because Plaintiff's claimed damages exceed the $75,000.00 threshold.[1]

    2. <u>There Is Complete Diversity of Citizenship Between the Parties.</u>

In determining whether complete diversity exists, the Court considers the citizenship of all properly joined and served defendants. <u>See</u> 28 U.S.C. § 1441(b). In this case, the only defendant, and accordingly the only "properly joined and served defendant," is T-Mobile.

"Under the removal statute, a defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." <u>Esposito v. Home Depot U.S.A., Inc.</u>, 590 F.3d 72, 75 (1st Cir. 2009) (citing 28 U.S.C. § 1441). Diversity jurisdiction exists "when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." <u>Gabriel v. Preble</u>, 396 F.3d 10, 13 (1st Cir. 2005) (internal quotation marks omitted); 28 U.S.C. § 1332. There is complete diversity here.

According to publicly available Commonwealth records, Plaintiff is a duly organized and existing Massachusetts limited liability company with a principal place of business at 195 Lexington Avenue, Middlesex County, Cambridge, Massachusetts 02138.[2] For purposes of diversity of citizenship under 12 U.S.C. § 1332(a), the citizenship of an unincorporated entity, such as a limited liability company, is determined by the citizenship of each of its members. <u>See Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 195-96 (1990); <u>JMTR Enterprises, L.L.C. v. Duchin</u>, 42 F. Supp. 2d 87, 93 (D. Mass. 1999) (holding that limited liability companies are "taken to be citizens of the state or states of which their members are citizens."). Upon information and

---

[1] T-Mobile denies that Plaintiff is entitled to any damages.

[2] <u>See</u> Secretary of the Commonwealth of Massachusetts, Corporations Division, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=GlbOMlbf1a5WnpKOvV39RHuRzCOeO1Cp5KrXNXW6BKI- (last visited September 22, 2024).

belief, Plaintiff's sole member is Eric. M. Hoagland and Mr. Hoagland is a resident and citizen of Massachusetts. As such, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of Massachusetts.

T-Mobile is a Delaware limited liability company with a principal office at 12920 SE 38th Street, Bellevue, Washington 98006. For purposes of diversity of citizenship under 12 U.S.C. § 1332(a), the citizenship of an unincorporated entity, such as a limited liability company, is determined by the citizenship of each of its members. See Carden, 494 U.S. at 195-96. T-Mobile's sole member is T-Mobile USA, Inc. T-Mobile USA, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington. As such, for purposes of determining diversity jurisdiction, T-Mobile is a citizen of Delaware and Washington.

There is complete diversity of citizenship for purposes of federal subject matter jurisdiction under 28 U.S.C. § 1332(a) because the Plaintiff is a citizen of Massachusetts and T-Mobile is a citizen of Delaware and Washington.

### III.     Procedural Compliance and Notice to State Court

In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days of service of the Complaint on T-Mobile. See 28 U.S.C. § 1446(a); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). In addition, this Notice of Removal is filed less than one year after commencement of the Action. See 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. §§ 1441, et seq., the right exists to remove this case from the State Court to the United States District Court for the District of Massachusetts, which embraces the place where the action is pending. The United States District Court for the District of Massachusetts embraces the county in which the Action was filed — Middlesex County,

Massachusetts — and, thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1441(a), 101.

As noted above, and pursuant to the provisions of 28 U.S.C. § 1446(a), a copy of the Complaint bearing Civil Action Number 2485CV539B filed in the State Court is attached as <u>Exhibit A</u>.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders, and proceedings from the State Court will be filed with this Court within 28 days.

Contemporaneous with the filing of this Notice, T-Mobile has given written notice to Plaintiff and has notified the State Court of this Removal.

### IV.  Conclusion.

T-Mobile requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the State Court. To the extent that Plaintiff challenges removal, T-Mobile requests the opportunity to brief and argue any issues or questions regarding this Court's jurisdiction.

T-MOBILE NORTHEAST, LLC,

By its attorneys,

/s/ *Jennifer J. Nagle*
Jennifer J. Nagle (BBO# 669325)
Taylor A. Listau (BBO # 712355)
K&L GATES LLP
One Congress Street
Boston, Massachusetts 02114
617.951.9197 (telephone)
617.261.3175 (facsimile)
jennifer.nagle@klgates.com
taylor.listau@klgates.com

Dated:  September 27, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent via email and first class mail, postage prepaid, to counsel of record as follows:

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
Two International Place
2 International Pl # 1600
Boston, MA 02110
rlevy@eckertseamans.com

                                                              /s/ *Jennifer J. Nagle*
                                                              Jennifer J. Nagle